STATE ex. rel. WHITE and another vs. STRAHL.

The holder of a certificate of sale of land for taxes is not entitled to a deed at the expiration of the period allowed for redemption, without payment of such legal fees as have accrued since the issue of the certificate.

APPLICATION for a *Mandamus.*

The relators applied for a *mandamus* to compel the defendant, as clerk of the board of supervisors of Pierce county, to issue them a deed for certain land sold for unpaid taxes. It appears from the stipulated statement of facts, that the relators held the certificate of sale, and, after the expiration of the period allowed for redemption, applied for a deed, which was refused on the ground that they would not pay the clerk the printer's fee for publishing the notice, required by the statute, of the expiration of the time for redemption. Laws of 1859, chap. 22, secs. 16, 18.

*White & Jay*, in person.

*A. H. Young*, contra.

*By the Court,* PAINE, J.   The only question presented on the facts stipulated on this application, is, whether a *mandamus* should issue to compel the clerk of the board of supervisors to issue and deliver a tax deed to the holder of a certificate, without the payment by the latter of such legal fees as have accrued between the issuing of the certificate and the time when the holder is entitled to a deed. This question must be answered in the negative. It is plain from the whole scope

and spirit of the provisions of chap. 22, Gen. Laws of 1859, that these fees were made a charge on the land. If it is redeemed, they must be paid by the person redeeming. If not redeemed, although the statute does not say expressly that they must be paid by the holder of the certificate before getting his deed, yet this must necessarily have been implied. For the law having made them a charge upon the land, it must have assumed that they were to be paid by the one finally taking the land, either by redemption or by a deed. The counsel for the relator admitted that these fees were a charge on the land; but he said that as the statute had not provided that the person holding a certificate must pay them before he could have a deed, the deed must be delivered, and the state must resort to some subsequent proceeding to get back these fees. Such a practice would have been very unnatural, and no legislature would ever have provided for it They much more wisely left it to the plain implication, that whoever took the land must pay all legal charges upon it.

The writ is denied, with costs.